T.C. Summary Opinion 2009-20

UNITED STATES TAX COURT

ELIGIO VILLASENOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6760-07S.          Filed February 10, 2009.

Eligio Villasenor, pro se.

<u>Angela B. Friedman</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are whether for 2005 petitioner is entitled to:  (1) Dependency exemption deductions for his parents, (2) a dependency exemption deduction for his girlfriend, and (3) head of household filing status.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Illinois when he filed his petition.

Petitioner has been working the second shift in a Chicago breadmaking factory since 1995.  In 2005 petitioner's gross income consisted of $40,412 from his job and $1,667 in interest income.

Throughout 2005 petitioner lived in a two-bedroom, one-bathroom apartment in Chicago, paying $650 a month in rent, which included gas and electricity.  He paid another $80 per month for telephone and cable television, and approximately $400 per month for food.  He also paid approximately $641 per month in child support to Roxanna Ramirez, the mother of his two sons.  The boys lived with Ms. Ramirez.  Ms. Ramirez claimed the boys as dependents on her 2005 Federal income tax return.

Petitioner has 11 brothers and sisters, 9 of whom live in the United States.  Some of the U.S.-based siblings live in Chicago, with the rest in Michigan and Iowa.  Petitioner's parents, Hipolito and Eulalia Villasenor, in their late seventies or early eighties, resided intermittently in the United States and also maintained a house in their home state of Michoacan, Mexico.  Beginning in 2004 the Villasenors began staying regularly in the United States during the warmer weather months and then returning annually to Mexico from October until May or June.

Petitioner's eight brothers alternate in sending monthly checks of approximately $250 to their parents such that the elder Villasenors receive approximately $2,000 to $3,000 a year in support from the siblings.  During his parents' 2005 stay in the United States, petitioner paid approximately $1,000 for their clothing, provided for their necessities, and gave them spending money.

Neither of petitioner's parents received cash assistance from the U.S. or Mexican Government during 2005, and they did not have health insurance.  However, while in Mexico, Hipolito Villasenor earned a little income selling milk from his four cows there.  In addition, during 2005 Hipolito Villasenor earned wages of $6,319 in the United States from PPC Industries, Inc., a manufacturer located approximately 45 miles north of Chicago.

The elder Villasenors also received Medicaid benefits, which paid for some of their medications and doctor's visits.

Petitioner's parents both have U.S. Social Security numbers (SSNs), and the Court received into evidence a certified account transcript showing that they timely filed a joint 2005 Federal income tax return. The elder Villasenors each claimed an additional standard deduction for individuals aged 65 and older and reported a home address in Chicago different from petitioner's apartment address.

During 2005 petitioner's girlfriend Alejandra Ramos, age 33, resided with petitioner in his apartment. Ms. Ramos did not obtain an SSN until 2006, and she did not have a separate IRS taxpayer identification number (TIN).

Petitioner engaged a tax preparer, who timely and electronically filed petitioner's 2005 Federal income tax return. Petitioner filed as a head of household, claimed his two sons as dependents, and claimed a $2,000 child care credit.

Respondent audited petitioner's 2005 tax return. Because Ms. Ramirez was the custodial parent and had claimed the boys as dependents on her tax return, respondent disallowed petitioner's dependency exemption deductions for his sons. Consequently, respondent also disallowed the child care credit and adjusted petitioner's filing status to single, which caused a statutory reduction in petitioner's standard deduction amount. As a

result, respondent issued a notice of deficiency dated December 18, 2006, determining a deficiency of $3,880.

Petitioner timely petitioned this Court. In the petition, petitioner conceded that he was not entitled to dependency exemption deductions for his two sons; however, he contended that for 2005 he is entitled to head of household filing status and three dependency exemption deductions because he supported his two parents and Ms. Ramos and because all three of them resided with him in his apartment in Chicago.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a), the burden may shift to the Commissioner regarding factual matters if the taxpayer produces credible evidence and meets the other requirements of the section. Petitioner did not argue for a burden shift and he did not fulfill the requirements of section 7491(a); therefore, the burden remains with him.

To qualify an individual as a dependent, the taxpayer needs to establish that the individual is a qualifying child or a qualifying relative. See sec. 152(a). As pertinent here, the qualifying relative must satisfy each of three elements:

Relationship, income, and support. Sec. 152(d)(1). The relationship test requires that the dependent be either one of many statutorily specified relatives, including parents, or an unrelated individual who resided in the taxpayer's residence for the entire year. Sec. 152(d)(2). The income test requires that the dependent's gross income be less than the exemption amount, which was $3,200 in 2005. Sec. 152(d)(1)(B). The support test requires that the taxpayer provide more than one-half of the dependent's support. Sec. 152(d)(1)(C). An exception exists for a multiple support arrangement, where the following conditions must be met: (1) No one person contributed over one-half of the support, (2) two or more people in aggregate provided over one-half of the support, (3) the taxpayer contributed more than 10 percent of the support, and (4) each person, except the taxpayer, who provided over 10 percent of the support files a written declaration that he or she will not claim the individual as a dependent for the year at issue. Sec. 152(d)(3).

Dependents must satisfy three additional requirements. First, they must not have filed a joint return for the year. Sec. 152(b)(2). Second, they must be citizens or nationals of the United States, or residents of the United States, Mexico, or Canada. Sec. 152(b)(3). Third, they must have SSNs or TINs and the taxpayer must report those SSNs or TINs on his or her tax return. See sec. 151(e).

With respect to his parents, although they could be qualifying relatives, Hipolito and Eulalia Villasenor filed a joint tax return for 2005, which disqualifies them from being dependents under the no joint return requirement of section 152(b)(2). Also, their joint return showed a different Chicago address than petitioner's apartment, bringing into question the residency and support requirements of sections 2(b)(1)(B) and 152(d)(1) and (2). Further, petitioner provided no evidence that his siblings declared a multiple support arrangement pursuant to the requirements of section 152(d)(3). Moreover, Hipolito Villasenor does not qualify as a dependent because he had gross income greater than the exemption amount, disqualifying him under the income test of section 152(d)(1)(B). Petitioner was unable to establish that his parents did not file a joint return and that his father had income less that the allowable limit.

Regarding Ms. Ramos, at the outset we note that she did not have an SSN or TIN until 2006, and this lack disqualifies her from being a dependent in 2005 under the identification requirements of section 151(e). Additionally, although she might have qualified as an unrelated individual under the qualifying relative prong of section 152(a), petitioner provided no competent evidence to support his testimony that she resided in his apartment for the entire year, that her income was less than $3,200, and that he provided more than one-half of her support.

The law is well settled that a taxpayer claiming a dependent must affirmatively establish by competent evidence the amount of support that the taxpayer provided and the amount of the alleged dependent's total support. See Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); Vance v. Commissioner, 36 T.C. 547, 549 (1961); Cotton v. Commissioner, T.C. Memo. 2000-333; Turay v. Commissioner, T.C. Memo. 1999-315, affd. per order (D.C. Cir., May 23, 2000); Keegan v. Commissioner, T.C. Memo. 1997-511; sec. 1.152-1(a)(2)(i), Income Tax Regs. Since petitioner did not provide competent evidence, he did not establish that either of his parents or Ms. Ramos was a qualifying dependent in 2005.

Moreover, petitioner did not call his parents or Ms. Ramos to testify. The failure to call witnesses who are in a position to give favorable testimony leads to the conclusion that their testimony, if given, would have been adverse. Interstate Circuit, Inc. v. United States, 306 U.S. 208, 226 (1939); Bresler v. Commissioner, 65 T.C. 182, 188 (1975); Blum v. Commissioner, 59 T.C. 436, 440-441 (1972); Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

Therefore, because of the failure to meet statutory requirements, lack of competent evidence, and failure to call favorable witnesses, we hold that petitioner's parents and Ms. Ramos do not qualify as dependents.

As pertinent here, to qualify for head of household filing status, the taxpayer must pay more than one-half of the cost of maintaining a home and have at least one qualifying dependent. Sec. 2(b).  Because petitioner did not have a dependent in 2005 he is not entitled to head of household filing status.

To reflect our disposition of the issues,

<u>Decision will be entered</u>

<u>for respondent</u>.